# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                                Facsimile: (212) 317-1620
_____

October 6, 2023

**VIA ECF**
Hon. Taryn A. Merkl
Magistrate Judge
United States Courthouse
225 Cadman Plaza E,
Brooklyn, NY 11201

Re: <u>Ramirez v. 206-16 Hollis Ave. Food Corp. Et al</u>
Case No. 23-cv-00601-OEM-TAM

Your Honor:

This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair and reasonable.

The parties have agreed to a negotiated settlement ("Agreement") for the global amount of $30,000 after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>*Cheeks v. Freeport Pancake House*</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1. <u>Background</u>

Plaintiff filed this Complaint against Defendants alleging claims for unpaid overtime and spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Labor Law and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff contends that he was employed by Defendants at the grocery store, "Compare Foods Supermarket", from approximately January 12, 2022 until on or about November 28, 2022. Plaintiff alleges that from about January 12, 2022, until on or about November 28, 2022, he worked approximately 59.66 hours per week and that on approximately 13-15 occasions, he worked an additional day in addition to his normal shifts for a total of approximately 68.66 hours per week during each of those occasions. Additionally, Plaintiff alleges Defendants maintained a policy and practice of requiring Plaintiff (and upon information and belief, other employees) to work in excess of forty hours per week without paying him overtime compensation required by federal and state laws. Specifically, Plaintiff alleges that throughout his employment he was paid a fixed salary that failed to appropriately compensate him for his regular and overtime hours.

Defendants categorically deny the allegations in the complaint. Specifically, they produced documents challenging the way Plaintiff was allegedly paid, the amount he was allegedly paid, the

Page 2

number of hours that he allegedly worked, and the period he claimed he worked in the Complaint. As such, even if we assume *arguendo* that he is entitled to overtime compensation, it is Defendants' position that Plaintiff's alleged damages are overly inflated. Moreover, it is Defendants' position that Plaintiff is not entitled to spread of hours' pay as the records produced show that he was paid sufficiently above the minimum wage throughout his employment.

It is also Defendants' contention that Plaintiff's Complaint is devoid of any allegations that he sustained tangible injury or something akin to a traditional cause of action stemming from a lack of wage notice or wage statement. *See, e.g.*, *Sanchez v. Trescly*, 2023 U.S. Dist. LEXIS 41894, at *3 (E.D.N.Y. Mar. 13, 2023) ("[T]he Court finds that Plaintiffs lack Article III standing to bring and obtain damages for these claims because Plaintiffs fail to allege actual and concrete injuries."); *Veintimilla v. Ny*, 2023 U.S. Dist. LEXIS 28799, at *25-26, No. 22-CV-1446 (LDH) (TAM) (E.D.N.Y. Feb. 17, 2023) (*J.* Taryn A. Merkl) ("In this case, Plaintiff fails to allege that he suffered a concrete injury fairly traceable to Defendant's failure to provide wage notices or wage statements. Plaintiff merely alleges that Defendant 'failed to provide' him required wage notices or wage statements and that, '[d]ue to Defendant's NYLL violations, Plaintiff was damaged and is entitled to recover' statutory damages . . . Absent any allegation of facts supporting Plaintiff's assertion of harm, or how his harm was fairly traceable to Defendant's failure to provide wage notices and statements, Plaintiff has failed to plead 'facts that affirmatively and plausibly suggest that [he] has standing' with respect to his wage notice and statement claims."); *Neor v. Acacia Network, Inc.*, 2023 U.S. Dist. LEXIS 20754, at *14 (S.D.N.Y. Feb. 7, 2023) ("Plaintiffs here lack standing because they fail to demonstrate how the lack of accurate wage notices and statements led to either a 'tangible injury or something akin to a traditional cause of action.'") (citations omitted); *Hernandez v. 99 Thai Playground LLC*, 2022 U.S. Dist. LEXIS 214036 (S.D.N.Y. Nov. 28, 2022) (finding lack of standing because "Hernandez alleges only a technical statutory violation, and not a physical, monetary, or cognizable harm."), *adopted by*, *Hernandez v. 99 Thai Playground LLC*, 2023 U.S. Dist LEXIS 16406 (S.D.N.Y. Jan. 31, 2023). Therefore, he is not entitled to recover any statutory penalties provided under the NYLL.

Given the disputed issues and the very early stage of the case, the parties and their counsel submit that the settlement amount of $30,000 is fair and reasonable.

## 2. Settlement Terms

Plaintiff alleges Defendants are liable for damages of $86,614.63 (including unpaid wages of $36,156.75 and other related damages, but excluding attorneys' fees). The parties have agreed to settle this action for the total sum of $30,000.00. The settlement shall be paid in a lump sum.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. As explained above, Defendants contested the way Plaintiff was allegedly paid, the alleged amount he was paid, the number of hours that he allegedly worked,

Page 3

and the period he claimed he worked in the Complaint.  Defendants produced employment records, contradicting Plaintiff's claims. While Plaintiff disputed the accuracy of the records, he recognized that the information in the records posed a serious threat to his recovery at trial.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair and reasonable.  *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3.   Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $10,542.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation plus costs.

Plaintiff's counsel's lodestar in this case is $3,119.50.  A copy of Plaintiff's billing record is attached as "Exhibit B."  Plaintiff's counsel is asking for 3.4 times their lodestar; the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

       i.   Catalina Sojo ("CS"), is the managing attorney of CSM Legal, PC, she graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019.

Page 4

Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

ii.     William K. Oates ("WKO"), was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C.  He graduated New York Law School in 1995, and was admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York.  Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, he was responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court.  His work is billed at the rate of $400.00 per hour.

iii.    I, Mary Bianco("MB") am an associate at CSM Legal, P.C. I graduated with a J.D. from Brooklyn Law School in 2021. Prior to joining CSM Legal in May 2023, I focused on immigration law, having worked as a staff attorney at Catholic Charities. My work is billed at a rate of $325 per hour.

iv.     Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Mary Bianco
Mary Bianco
CSM LEGAL, P.C.
Attorneys for the Plaintiff

Enclosures